UNITED STATES of America
v.
Gaetano GAGLIANO, Defendant.
Crim. No. 45452.

United States District Court
E. D. New York.

Oct. 10, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Francis W. Rhinow, Asst. U. S. Atty., Greenport, N. Y., of counsel, for the United States.

Fried & Mailman, New York City, for defendant.

RAYFIEL, District Judge.

This is a motion to dismiss the indictment herein.

The defendant, an alien and a native of Italy, who had previously been arrested and deported from the United States, was indicted on June 10, 1958 for re-entering the United States on or about February 14, 1957 without having received consent to apply for readmission from the Attorney General, in violation of Section 1326 of Title 8 United States Code Annotated.

The defendant contends that the Attorney General, by an amendment to Section 212.2 of Title 8, C.F.R., which became effective January 8, 1958, granted blanket permission to aliens such as he (those having a parent, spouse, or child who is a citizen of the United States) to apply for readmission. He argues that this amendment should be given retroactive effect in order to relieve him from the penalties provided for in Section 1326 of Title 8 U.S.C.A.

I disagree with the defendant's contentions. There is nothing in the amendment to Title 8, C.F.R., Section 212.2 to indicate that it was to be applied retroactively. The cases cited by the defendant's counsel in his brief are inapposite. They involve matters before the Board of Naturalization Appeals or the Attorney General in which permission was granted in certain specific instances to apply for readmission *nunc pro tunc*.

The motion is denied.

Settle order on notice.